IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAZARO ROBBIO RODRIGUEZ,

        Plaintiff,

     vs.

UNITED STATES PENITENTIARY MAIL ROOM,

        Defendant.

CIVIL ACTION
No. 05-3258-SAC

ORDER

    This matter is before the court on a civil action filed by a prisoner in federal custody.[1] By its order of July 5, 2005 (Doc. 3), the court liberally construed the complaint to allege the mishandling of plaintiff's legal mail, noted plaintiff's apparent failure to exhaust administrative grievance procedures, and granted him twenty days to supplement the record with a statement describing his use of the administrative remedy process and copies or a summary of

---

[1] Plaintiff commenced this action while incarcerated in the United States Penitentiary, Leavenworth, Kansas. Although he has not reported a change of address, the court notes his response was mailed from the United States Penitentiary, Terre Haute, Indiana.

relevant responses.

On August 1, 2005, the plaintiff filed a response (Doc. 4) in a pleading captioned "Objections to the Report".  The court has reviewed that pleading under the liberal standards afforded a pro se litigant but finds no part of the pleading is responsive to the court's instructions in the earlier order.

The Prison Litigation Reform Act (PLRA) provides, in part, that "[n]o action shall be brought with respect to prison conditions under ... any ... Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S.C. 1997e(a); see Porter v. Nussle, 435 U.S. 516, 524-25 (2002)(discussing the exhaustion requirement imposed by the PLRA).

Because the plaintiff has not made any showing that he presented his claims through any administrative grievance procedure, the court concludes this matter must be dismissed without prejudice to allow him to do so.  This dismissal will allow plaintiff to refile his claim upon his completion of exhaustion, provided the filing is otherwise timely.

The court notes that if plaintiff is seeking damages from

individual federal officials for violations of his constitutional rights, he must pursue the prison administrative grievance process, see 28 C.F.R. 542.10-.19; if, however, he wishes to proceed under the Federal Tort Claims Act (FTCA), as suggested by his reference to 28 U.S.C. 2680 in the caption to the complaint (Doc. 1), plaintiff first must file an administrative claim with the appropriate federal agency.  See 28 U.S.C. 2675(a); Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999).

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice due to plaintiff's failure to demonstrate his use of administrative remedies.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 18th day of August, 2005.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge